All rise. That was not a court court. The vision is now in session. I'm just probably going to resign. Morning to all. You may be seated. People. Okay, but the first case she called Please call the first case. Okay, with the lawyers who are going to argue the case, please introduce yourself to the court. Jennifer Bontrager from the State Appellate Defender for Appellant Brian Walker. Could you say your name again? I'm sorry. Jennifer Bontrager. Thank you. Yes. Assistant State's Attorney James Stumpf for the people of the state of Illinois.  You can, it's up to you. As to the appellant, do you want to reserve some time for rebuttal? Yes, please, Your Honor. If I could reserve three minutes for rebuttal. Okay. All right, let's proceed. Am I allowed to move this a little bit? Sure. Yes. That's just for recording, you know, you understand. I understand, Your Honor. Good morning, Your Honors, and may it please the courts. Again, Jennifer Bontrager for Brian Walker. We have just the one issue in this case, and it's an issue I know Your Honors are well familiar with. But just briefly, Your Honors, Brian Walker was 20 years old when he got caught up in his friend's dumb plan to rob the neighborhood barber and weed dealer. Walker has repeatedly tried to challenge his sentence most recently in a motion for leave to file successive post-conviction petition alleging that his sentence violates the proportionate penalties clause of the Illinois Constitution as applied to him. Because he is, he was at the time of his crime 20 years old, which is what we now classify as an emerging adult, meaning that he's a young offender who, while not technically a juvenile, still bears a lot of the hallmarks of youth because his brain continues to develop into his 20s. So we argue that Walker's petition made a prima facie showing of cause and prejudice based on his age, the developing case law, and the results of continuing neurobiological research. Let me ask you, there's both the Miller line of cases under the Eighth Amendment and as applied claims under the proportionate penalty clause generally existed at the time Mr. Walker filed his initial pro se petition. I don't think that's true as to his emerging adult claim. But here, this is my question. What objective factor establishes cause for Mr. Walker's successive petition? The line of case law that has developed and continues to develop, that is still in conflict today, it's yet to be settled, regarding that came out of Miller that defines or tries to define emerging adults based on that neurobiological research, that social science research, showing that young offenders who aren't juveniles and who don't get those special... But that's not my question. I'm sorry. My question is, all that stuff existed at the time he filed his first PC. I don't believe it did, Your Honor. I mean, Miller had certainly been decided. Well, he filed it in November of 2015. That's right. But so the Illinois Supreme Court did not open the door for emerging adults until 2015, and that was only for emerging adults who were serving natural life sentences. Not until 2017 did the Supreme Court open the door to emerging adults serving discretionary de facto life sentences. And then only in 2019 did the Supreme Court define what a de facto life sentence is by drawing that line at 40 years. So I don't think we can say that this claim should have necessarily been raised or that it's forfeited because he didn't put it in that 2015 petition. The law was still developing and he did not have a good claim in 2015 because he's serving... I'm not talking about forfeit. I'm talking about cause. Certainly, Your Honor. I think it's very much the similar analysis, Your Honor, that developing case law was continuing to develop. And only when the Supreme Court in Buffer made clear that the line is 40 years for de facto life, where his term of years at 53 is a de facto life sentence, was that that was the cause he needed to then bring his claim to the circuit court. What about the Dorsey decision? I mean, I think we heard the argument last week from one of your colleagues that because this person is in that in-between young adult stage, that at least she enunciated that Dorsey doesn't really apply, where they said you cannot have cause. You can't have cause if you're a juvenile. So why should you be able to have cause in this emerging adult situation? Because the emerging adult classification is new. While juveniles have always been, according to the court in Dorsey, afforded this special status at sentencing, emerging adults haven't. That wasn't a category until... But what about the language in Dorsey, which is going back to this really old case from 1894, in which this Illinois Supreme Court said that we've always had or noticed or understood a difference between young people and adults. And at that time, believe it or not, anyone under 21, 21 and under, they were considered juveniles in Illinois. So, I mean, and then there's a more recent case, LaPointe, but there's all these other cases now from each of the districts that have held that Dorsey actually forecloses cause, as Justice Gordon has just pointed out. I understand, Your Honor, but I'm not sure about the argument you were alluding to from last week, but I think those cases are substantially overreading that line in Dorsey, because Dorsey there is very clearly talking about a juvenile and about the special status afforded to juveniles at sentencing, including for a long time. But... Well, I think, though, in the decision, they talk about the proportionate penalties clause, which we know has been around since the time of our Constitution. So... Sure. But also there have been other cases where a proportionate penalties argument has been made. And I'm not sure that in this case, when you said he's made many challenges to his sentence, is your opponent going to come back and say this is res judicata, a forfeiture, in addition to their going to argue cause? I mean, I don't think that's a fair argument, given that his arguments have been based on substantially different points, and he's never raised a challenge about his status as an emerging adult at the time. And as far as us having a proportionate penalties clause in our Constitution, we absolutely have. But a challenge under the proportionate penalties clause has worked exactly once, Your Honor, and it only worked in Leon Miller. And that case has been, and he was a juvenile, and that case has been limited to its facts. And every time a defendant has tried to extend it to himself, he has been knocked back. So, sure, we've always had a proportionate penalties clause, but we've not always had any special treatment for emerging adults until this post-Miller development from... So they're now in the fourth district, the second district, the third district, and the fifth district, and there's certainly, perhaps, some from the first district that are going against this whole notion that Dorsey doesn't foreclose what you're suggesting. I understand. There's an argument, certainly, to be made that if it's, if a juvenile can't rely on a proportionate penalties clause, why should someone older be allowed to rely on it? I think because they haven't always been able to, and that it's only a recent development. I know. But I'm just saying that these five, the cases from the other districts, they're not juveniles. These are all emerging adults. Right. And I understand that. I think there's, like I said before, I think they're substantially over-reading Dorsey and over-applying it. And, I mean, this question is, I'm sorry. This question is pending currently in Illinois Supreme Court in the consolidated cases of Moore and Williams, where the issue of cause is before the Supreme Court. And, you know, if Your Honors are wavering one way or the other, because there are cases on both sides, I'd urge you to wait until the Supreme Court's decision. Wasn't that in your brief? Was that in your brief? I did mention that those. I mentioned that those. About possibly holding off and waiting. Of course. It's Your Honor's prerogative. No, but I remember reading it. I'm just. Sure. I mean, that has, it's, I know the opening brief has been filed, so that. Is that a first district case that's on appeal? One of them is. And one of them is, I believe, out of the third district. And I don't remember off the top of my head which one is which. I'm sorry, Your Honor. But that has. It's in the brief. The brief. You said it. I know. Yeah, at least one brief is out that hopefully we'll have a decision on that by the end of the year or early next year. I thought the takeaway from Dorsey was that people have always been able to make these kinds of challenges of the proportion of penalties caused. You know, even before Miller, they could say, you didn't take into account the influences, all the things that the Supreme Court talked about in Miller. You've always been able to do that under the proportion of penalties caused. I mean, isn't that, you're making a distinction between, you know, Dorsey, who I think was 14 years old and your defendant is, your client is 20. Right. Were they really talking, why is that an overread? I thought that that's what Dorsey in that big paragraph, they were, right, paragraph 74, I think, they were talking about the fact that you've always been able to make these arguments. And isn't that true for a 20-year-old too? They've always been able to make these kinds of arguments under the proportion of penalties caused. You, sure, he's always been able to make, say, an excessive sentence argument under the proportion of penalties caused, but he's not been able to do so with previously unavailable research about young offenders that brought about a change in the law that we've seen post Miller. But I mean, wouldn't, wouldn't, not wouldn't, didn't the Supreme Court say, sure, Miller's going to help, it's helpful support for the argument, but it doesn't mean it created a claim that didn't exist previously. I mean, they're saying that in the context of a juvenile, I don't think that the same thing can be said for an emerging adult, because we literally, no one knew about this research until it finally came to the fore, starting in Miller, and it had to trickle through to opening up, opening the door to, you know, not just juveniles with life sentences, but to emerging adults with life sentences, and then to individuals, you know, emerging adults serving what became de facto life sentences. So I don't think you could always make this claim. We, there, there simply wasn't a basis for it. Based on the change in the law that came from previously unavailable social science research. What was the case that first created the doctrine of emerging adults? You put a year on it, so I assume you have a case in mind. Do you have that with you? I have, I'm sorry. It's okay if you don't. I mean, from the appellate court, we have House that put that on it. That was 2015. But from the Supreme Court itself, we have de facto, or I'm sorry, we have natural life sentences for emerging adults in 15, and then extending that to discretionary de facto life sentences in 2017. And then Buffer was a juvenile. Right. Is the Illinois Supreme Court sort of backing off this whole thing about mandatory life? This is a 55-year sentence, isn't it? 53. 53, I misspoke. In Dorsey, didn't they kind of also suggest that this whole idea where a juvenile is a juvenile, and that's really not what the U.S. Supreme Court was thinking about when they said mandatory life for juveniles without any discretion is unconstitutional? I'm sorry. I'm not sure I followed your question, Your Honor. Well, in Dorsey, they say a lot of things. One of them is that they're suggesting their decision in Holman, which suggested that a 19-year-old, I believe, could proceed with a proportionate penalties argument if he laid out the facts in a post-conviction petition. That's what I'm talking about. It seems like they're pulling back from the Holman decision in Dorsey. If they are, they didn't really say so. They certainly didn't overrule Holman or any of the other myriad cases, I would point out, that did find cause for an emerging adult raising this kind of claim in a successive post-conviction petition. And I think it would be pretty shocking to say that they had overruled Subsilentio, an entire line of cases. Well, now there's another problem, too, in the Second District. They're actually saying that this notion of, you know, a sentence being disproportionate, that actually if you look at the claim, it's really more like just a sentencing claim. It's not a constitutional claim. I'm not sure that anyone in the Second District went that far, but are you aware of that? I think it's the Howard case. It could be, maybe. You know, House went back. Does that help you? I mean, I think it does help because the Court is still recognizing, and House was decided after Dorsey was, the Court is still recognizing that this kind of claim needs development through the post-conviction hearing process with the assistance of counsel. Was it decided after Dorsey? It was, Your Honor. Dorsey was July and House was October. Well, I'm particularly familiar with that decision. Of course, Your Honor. I can tell you that Mr. House, at his sentencing hearing, when he was sentenced to mandatory life in prison, raised a proportionate penalties argument at the sentencing. After the sentencing, he raised it back. He had raised it all over the course of many years. So I don't know. That case is probably different. Plus, that was actually a mandatory life in prison sentence, no chance for parole, unlike some of these other decisions. Right. And, I mean, yes, that's true. I mean, House is a different case, but I do still think it stands for the proposition that the Supreme Court has not completely backed off of this kind of claim because they did send it back for further development of the claim. And I think I'm out of time, if Your Honor has any other questions. I just have one other question to ask you. Certainly. Is it your position that any defendant who considers himself a young adult, I mean, you may have somebody who's 50 years old considers himself to be a young adult, but anybody who considers himself to be a young adult just has to make a generalized allegation that his brain is similar to the brain of those under the age of 18? I think 50 years might be a bit of a stretch, Your Honor. But I do think that the science does try to define into the mid-20s that certainly 20 years falls within for this kind of claim. I think most young adults, provided they can Yeah, but I'm talking about a generalized allegation, not a specific allegation, not showing that somebody had a drug problem, somebody had this problem, somebody had that problem, but just saying that a young adult brain is similar to that of one, you know, under the age of 18, that's what it seems to be for alleging. And there's so many cases that say that that's not sufficient to make a prime of faces showing a prejudice. There are cases saying that a flat allegation is not enough. That's true. I think we have more than a flat allegation here. We do have the defendant discussing the principles brought forth, the impetuosity, peer pressure, that kind of thing. And we have the facts that support that. The facts of the case support the allegation here. You know, he's caught up with his friend's dumb idea. This isn't like some cold calculated thing. He, you know, gets out his gun and fires after the guy who's being robbed is threatened by the co-defendant. The co-defendant threatens him. The victim gets out a gun. It makes the clicking sound. My client gets out a gun and shoots in self-defense. The self-defense was rejected, but this is still an impetuous crime. It's a reckless crime. It's a crime where a developed adult brain would have been the cooler head and would have prevailed and walked away and not gotten involved in it. So in a case like this, with facts to go along with these allegations, even if there's not a bunch of science behind it supporting it because he's an incarcerated pro se individual who's trying to put together this petition, I think it's absolutely enough in this case. Okay. Well, can I ask you one more follow-up on Dorsey? So you're saying that we're over-reading Dorsey or these cases. You've got a lot of cases against you on this, right? Yep. You're saying they're over-reading Dorsey because Dorsey was dealing with a juvenile and what the Supreme Court, I'm just trying to paraphrase what you tell me if I get this right. Your position is Dorsey was talking about a juvenile. And so what they were saying is a juvenile has always had the ability to raise these kinds of arguments, even before Miller under the proportionate penalties clause. And you would say the reason this case is different is that he's not, he's not under 18. And so he has not always had the same kinds of arguments to make under the proportionate penalties clause that say a 14 year old like Dorsey would. Is that, is that your position? Yes, Your Honor. Go ahead. I would add that Dorsey, part of the over-reading of Dorsey, I think comes from the fact that the proportionate penalties claim was an alternative basis for relief. The real issue there was whether good conduct credit counted for a de facto life determination. And so that part of the opinion is not very well developed. It's very, it's pretty brief and kind of vague. And I think that's what's leading to some of the over-reading of it. But yes, what Your Honor encapsulated is what... But why would it be, why would it be true of a 14 year old or an 18 year old, 17 and a half year old, but not of a 20 year old, that you could make these kinds of arguments? Because, because juveniles have always been afforded, at least according to Dorsey, a special status at sentencing. And emerging adults simply have not. That was not a category. They don't have the longstanding recognition of sentencing leniency that juveniles have had. That was, that's simply been a brand new development post Miller and post Pullman. Thank you. Good morning again. The denial of leave to file a successive post conviction petition should be affirmed because the petitioner has failed to make a prima facie showing of cause and prejudice. Now with respect to cause, the petitioner did not and cannot show cause for leave to file for a few different reasons. First, the petitioner's proportionate penalties clause argument has been forfeited after he failed to raise it in his initial post conviction petition. Second, that his proposed successive post conviction petition relied on the United States Supreme Court decision in Miller versus Alabama does not provide cause either. Miller was decided in June of 2012. And this petitioner filed his initial post conviction petition in November 2015, three years and four months after Miller was decided. Furthermore, and perhaps most significantly, the Illinois Supreme Court and decision in Dorsey held that Miller's announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to violate the proportionate penalties clause. As such, the Illinois Supreme Court has expressly rejected this petitioner's claim on appeal. That being that the novelty of Miller and his progeny provide him with cause for leave to file his successive post conviction petition. Can I take you back to something you said just before Dorsey? Sure. You said that Miller came down in some time in 2012, I think. Yes. And he filed his next post, this one, three years later. I'm sorry. I might have misspoke. His initial post conviction petition. He filed that in November of 2015. Okay. So he, there was a post conviction petition filed after Miller and now there's this one. Correct. Your honesty. Okay. Correct. Thank you. The petitioner here tries to distinguish Dorsey in several ways. First, he claims that Dorsey, Dorsey holding only applies to juvenile defendants, but the Dorsey court made absolutely no distinction between adults and juveniles and instead used the term defendant when holding that the novelty of Miller does not provide cause for leave to file. Also in his reply brief, he claims that his claim is different from Dorsey because his claim is based specifically on the rule of Miller and not on the special status of children at sentencing. Uh, but this distinction has absolutely no base basis in Illinois law to the contrary, this court and indeed this very division has applied the Dorsey cause rationale to young adult offenders, making nearly identical proportionate penalties claims as this, this particular petitioner. And the cases I'm specifically referring to are Hemphill and Caballero, which the defendant was over 21. How old was Caballero? I believe he was 20, your honor. Okay. Uh, and we, these, we, I think we met, we met, we started these cases in our motions for leave to sign additional authority. And this court has also applied it to juvenile defendants as well. Also making almost identical proportionate penalties claims in the Figueroa erotic cases. Um, let me ask you this. Is it your position that a young adult offender acting pro se, uh, was always attached documentation, uh, showing his development as a kid to a juvenile? Uh, yes, your honor. He needs to plead. So this turning to the prejudice problem, he needs to plead something. This, this particular petitioner cited new research and neuro, neuro, I'm sorry, neurobiology and development psychology. Uh, other than that, he had no way alleged that these applied to him when he murdered the victim or they influenced him in any way prior to, uh, prior, prior to the murder. And, uh, this court's opinion in green and also the fourth and fifth district's opinion in more in white, which we cited to, uh, dealt with nearly identical claims as well. And those courts all held that those were insufficient to establish prejudice. It's not so much a document that's needed, but if an individual, at least by way of his own petition says that his actions were like that in juvenile, and then he gave a few facts here and there, don't you think that would be sufficient, at least for purposes of the allegations needed for a post conviction petition? I'm not saying that that's here, but wouldn't that probably be enough? Probably your honor. You're right. But, um, and, and also with respect to like the prejudice issue, um, like I, we mentioned in our brief, I rec, we recognize there's a split of authority among different panels of this division, whether a petitioner such as this one would have established prejudice with, based on what he, uh, based on what he pled. But regardless of which side this court lands on, on that issue, the Supreme Court in Dorsey has expressly held that a petitioner, this petitioner was required, a petitioner such as this one was required, um, uh, that this petitioner, I'm And, uh, since he was required to make a prima facie showing of both cause and prejudice, uh, the denial, um, for lead to file was proper. Is there some sort of basic, uh, unfairness about what's really going on here? I mean, these are all sentencing cases and the legislature has now several years after house, um, changed the laws so that people between the ages of 18 and 21, if they're not like, not your typical life case, I'm not talking about murder where two individuals are killed. I'm talking about a murder such as this one in the barbershop. The legislature is now permitting, and they have permitted this hope of a parole hearing after 20 years. And isn't that what this kind of whole thing is sort of about? That the sentences are actually very extreme and you have a whole population of people in prison now that see that the laws have changed dramatically for people of their age. I mean, isn't there something basically unfair about that? And that's what's driving a lot of these post conviction petitions, that a number of young people that went to prison when they were 18 or 19 and got sentences up to 80 years or whatever. Now, I'm not, I shouldn't say garden variety, but a murder that doesn't amount to, you know, killing an officer in the line of duty or killing more than one person. That these individuals will all have this opportunity to have a parole hearing after serving 20 years in prison, which, you know, is a long time no matter how you slice it. It's a long time. I understand where you're coming from, Your Honor. I do, but we are dealing with a successive post conviction petition here where this petitioner could have raised the proportionate penalties clause, not only on direct appeal, but also in his initial post conviction petition, and also could have argued something related to Miller as well, potentially, in his initial post conviction petition. So, I mean, since post conviction petitions, or I'm sorry, successive post conviction petitions, you know, are highly discouraged, we're dealing with cause and prejudice, and Dorsey has specific, I'm sorry, specifically ruled on the cause issue here, and based on the court's ruling at Dorsey, this petitioner is barred from leaving the file. Well, how can the law expect somebody who, you know, didn't even finish high schools, has no real command of the English language, needed a special education and never got it, and commits a crime? How could they formulate something to show something about their brain when they can hardly even write? I mean, how far must we go with this thing? To be perfectly honest, Your Honor, I don't think this case needs to hinge on prejudice. I think Your Honors can decide solely on cause based on the Dorsey rationale, that Dorsey absolutely precludes this petitioner from establishing cause for leaving the file. And since he's required to establish both cause and prejudice, he cannot, based on the Illinois Supreme Court's own holding, he cannot establish cause for leaving the file. Yeah, but aren't we requiring too much from these pro se petitioners? Again, potentially, Your Honor, with respect to prejudice, but we're dealing with, we're speaking about cause is completely foreclosed at this point. So, and again, like I had mentioned, I acknowledge that some panels of this court might have found that this petitioner did establish prejudice. But since he was foreclosed from, he cannot establish cause pursuant to Dorsey that the leave to file, I'm sorry, the denial of leave to file should be affirmed, in our opinion. Judge, I have another question for you. What do you think of the distinction made by your opposing counsel that Dorsey was talking about a 14-year-old, someone a juvenile? I, well, the Dorsey court specifically used the term defended and not juvenile. Or, and so, in our opinion, it applies to any defendant, regardless of age. I don't know what the language was in the Bramley case, but it'd probably be worth looking at. I can't remember what it says. I don't think it referred to young persons as juveniles, but I could be wrong. So we had a decision back in 1894, where the Illinois Supreme Court said that the state has always given consideration to individuals less than, you know, younger individuals. But I, again, I don't want to misquote it. I know there was some language in there, but I'm not being able to recall it. The only thing I can recall is that at that time, Illinois considered persons that were 21 or under to be juveniles. And then, of course, we did, you know, changes over the years. Then it was getting lower. Now it's being moved up again. You know, maybe the legislation in the future will change that. Who knows? They have the right, they could, but I don't, I don't think we're going there. They do that in Europe, but not here. Yeah. So counsel, so the sentence that everybody always seizes on in Dorsey is, I think, the first sentence in that paragraph. And I'll just read it. It says, Miller's announcement of a new substantive rule under the Eighth Amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause. That's your favorite sentence, right? Circle that and say there, I win. The next sentence says, as defendant acknowledges, Illinois courts have long recognized the differences between persons of mature age and those who are mature persons of sentencing. Now, I think that is what your opposing counsel would harp on and say. That's the first sentence says what it says, but this is what they really are talking about. They're focusing on the fact that minors, juveniles, have always gotten a break. Maybe Miller gave them a little bit more of a break under the proportionate penalties clause, but they've always been able to argue this. And she is saying the same isn't true of adults. Adults have not been able to make these arguments in the past, but now recently they can. So what do you, what's your response to that? My response to that is the overwhelming amount of case law has come down since Dorsey. It has been applying that to young adults as well. And I, the defendant has failed to acknowledge any, any appellate court case or case whatsoever, finding on the opposite side. And, and for the reasons mentioned in all those cases, like Hemphill, Caballero, Hemphill and Caballero in particular, those cases were correct. They were the proper reading of Dorsey. And we would ask that it be applied to, to, to this case as well. Okay. All right. Thank you, Your Honors. Just two quick points, Your Honors. First, regarding the cases against that are applying Dorsey to emerging adults. I would actually urge Your Honors to follow the post-Dorsey case from this court, People v. Horshaw, which is, again, a post-Dorsey case and explained why Dorsey should not be applied in emerging adult claims. And then to correct, correct a factual point, Walker in his pro se post-conviction petition, although it's not a work of art, he did allege that the Miller factors applied to him because during the crime itself, he was acting in a peer pressured and reckless manner. So I think that should be enough to establish at least a prima facie case of cause and prejudice. And unless Your Honors have any questions. Well, Horshaw, though, wasn't that about the distinction and all the different cases that have talked about what you need to allege in the petition? It talks about that as well, but it walked through, and I'm sorry, hold on. What does that have to, how are you saying that that somehow changes the Dorsey decision? I'm not saying it changes the Dorsey decision. It explains why Dorsey doesn't apply and does not foreclose a finding of cause. All right. Yeah. Thank you. I, I'm familiar with the case. Gotcha. And that is cited in our reply briefs. So unless Your Honors have other questions, I'll rest on my briefs. Thank you. Thank you. I want to thank you guys for very good arguments and very good briefs. And shortly you will receive a decision and the court will be adjourned to change the.